# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAAHKIM EL BEY,

      Plaintiff,                          :         Case No. 3:06-cv-257

                                          District Judge Walter Herbert Rice
      -vs-                                          Chief Magistrate Judge Michael R. Merz

                                         :

OFFICER TIM ROOP, et al.,

      Defendants.

## DECISION AND ORDER

This case is before the Court on Plaintiff's Motion for Discovery (Doc. No. 9), filed September 8, 2006. Plaintiff, who is proceeding *pro se*, in this litigation, requests the Court to enter an order under Fed. R. Civ. P. 33, 34, and 36 and Fed. R. Evid. 1002 and 1003, to respond to Plaintiff's first sets of interrogatories, requests for production, and requests for admission.

In the body of his Memorandum in Support, Plaintiff notes that discovery under the Federal Rules of Civil Procedure, "is designed to be self-executing with little, if any, supervision necessary by the Court." That is a correct statement of the law and leads the Court to deny Plaintiff's Motion for the following reasons.

All of the forms of discovery which plaintiffs seeks to pursue are indeed "self-executing." That means that when a party desires to propound interrogatories or requests for production or admission, the party is to send the interrogatories or requests directly to the attorney for the party from whom discovery is sought, rather than to file a motion with those documents. In fact, Fed. R. Civ. P. 5 specifically forbids the filing of discovery requests. At the proper time, Plaintiff may renew his discovery requests by sending them directly to counsel for the various Defendants.

Under Fed. R. Civ. P. 26(d), however, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The timing for the Rule 26(f) conference is governed by the Court's setting its initial pretrial conference in the case. That ordinarily happens as soon as the pleadings are complete. Since all of the Defendants have now (as of September 13, 2006), filed Answers, the scheduling conference will be set in very short order.

The Motion for Discovery is therefore denied without prejudice.

September 14, 2006.

                                                  s/ Michael R. Merz
                                       Chief United States Magistrate Judge