**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

RAAHKIM EL BEY,

      Plaintiff,      :      Case No. 3:06-cv-257

                    District Judge Walter Herbert Rice
  -vs-                     Chief Magistrate Judge Michael R. Merz

                            :

OFFICER TIM ROOP, et al.,

      Defendants.

**DECISION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

This case is before the Court on Plaintiff's Motion for Default Judgment (Doc. No. 13). Examination of the docket discloses that the original Summonses issued to Plaintiff for service erroneously included the notation that answers were due thirty (30) days after service (Doc. No. 3). Plaintiff, who is proceeding *pro se*, caused those Summonses to be served by a process server (Doc. No. 5).

When the Clerk's Office noticed the mistake, it issued Amended Summonses for service (Doc No. 4). The docket then indicates that Plaintiff himself served these Amended Summonses by certified mail, return receipt requested (Doc. No. 6). Service on Defendants Barwin, Roop, and Miller was directed to the Xenia Police Division and signed for by a "Bill McCarthy." Service on Defendant Bryan was directed to the Xenia Municipal Court and signed for by the same person. Service on Defendant Schenck was directed to 61 Greene Street and signed for by "Pamela Williams."

All service on the Amended Summonses was defective for the following reasons:

1.    Certified mail service of process in federal court must be made by the Clerk of Courts, not

a party to the case. Fed. R. Civ. P. 4(e)(1); Ohio R. Civ. P. 4.1(A); S. D. Ohio Civ. R. 4.2.

2. Service of process upon an individual must be made by personal delivery or by leaving the process at the person's residence with someone of suitable age and discretion. Instead, process was left with persons at the business addresses, not the residences, of the Defendants. (At sometime around the commencement of this case, Mr. Schenck ceased to be the Greene County Prosecutor, but he was served by certified mail at that office's address, 61 Greene Street in Xenia).

Because the service was defective, the Defendants could have moved to dismiss the case for improper service of process. Fed. R. Civ. P. 12(b)(5). None of them has done so; all have answered the Complaint on the merits so as to allow the case to proceed without delay over technicalities. However, when asked to enter a default against a defendant, the Court is bound to determine whether the defendant has been properly served. The Defendants in this case were not properly served with the Amended Summonses and Plaintiff's Motion for Default Judgment must therefore be denied.

In examining Plaintiff's Motion, however, the Court finds that Defendant Schenck's service of his Answer is also defective. The Certificate of Service on that document reads: "I hereby certify that on September 6, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that a copy will be forwarded to all counsel via the CM/ECF system." This is not adequate service on a *pro se* litigant who is not entitled to use the electronic filing system. It is accordingly ORDERED that Defendant Schenck's counsel serve his Answer forthwith and all future filings at the time of filing on the Plaintiff by ordinary United States mail.

September 19, 2006.

                                                          s/ Michael R. Merz
                                     Chief United States Magistrate Judge

H:\DOCS\El Bey v. Roop 02.wpd