# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RAAHKIM EL BEY,

      Plaintiff,  :  Case No. 3:06-cv-257

  -vs-  Chief Magistrate Judge Michael R. Merz

        :

OFFICER TIM ROOP, et al.,

      Defendants.

## DECISION AND ORDER DENYING MOTION TO STRIKE ANSWERS

This case is before the Court on Plaintiff's Motion to Strike Defendants' Answers (doc. No. 17).

Plaintiff asserts that the Answers of all Defendants should be stricken for insufficiency of process and insufficiency of service of process under Fed. R. Civ. P. 12(b)(4) and (5) (Motion, Doc. No. 17, at 1). The docket reflects that Defendant Schenck filed his Answer (Doc. No. 8) on September 6, 2006, and the remaining Defendants filed their Answer (Doc. No. 10) on September 14, 2006.

Plaintiff claims that he was served with both Answers on September 15, 2006. The Court assumes that he means by that assertion that he received the Answers on that date.

The certificate of service on the Answer of Defendants Roop, Miller, Barlow, and Bryan indicates that it was mailed to Plaintiff as of the date of filing, to wit, September 15, 2006. Under Fed. R. Civ. P. 5(b)(1)(B), service is complete upon mailing, so that Plaintiff was legally served with this Answer on September 14, 2006, although he did not receive it until the next day.

The Court has already noted in its Decision and Order denying default judgment that

Defendant Schenck's attempted service of his Answer electronically through the Court's electronic filing system was ineffective because *pro se* plaintiffs such as Plaintiff here are not permitted to file or be served electronically. The Court then ordered that the Answer be served by mail on Plaintiff. That Order was entered September 19, 2006, but apparently Defendant Schenck had already sent the Answer by mail, because Plaintiff says he received it on September 15, 2006.

In any event, since Plaintiff now has Defendant Schenck's Answer, he has not been prejudiced by the late service. Furthermore, Plaintiff is not entitled to default judgment for the reasons already given in the prior Order. The Federal Rules favor resolution of disputes on the merits. In the absence of any prejudice to Plaintiff, the Motion to Strike is denied.

September 30, 2006.

                                                  s/ Michael R. Merz
                                      Chief United States Magistrate Judge