## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

RAAHKIM EL BEY,

        Plaintiff,                 :             Case No. 3:06-cv-257

  -vs-                                  Chief Magistrate Judge Michael R. Merz

                               :

OFFICER TIM ROOP, et al.,

        Defendants.

---

### DECISION AND ORDER GRANTING DEFENDANTS SCHENCK'S MOTION FOR SUMMARY JUDGMENT

---

This case is before the Court on Motion for Summary Judgment of Defendant William F. Schenck (Doc. No. 26).  Plaintiff timely opposed the Motion (Doc. No. 28) and Defendant Schenck has filed a reply memorandum in support

The parties have unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. §636(c) and the case has been referred to the undersigned on that basis (Doc. No. 16).

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56.  On a motion for summary judgment, the movant has the burden of showing that there exists no genuine issue of material fact, and the evidence, together with all inferences that

1

can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970).  Nevertheless, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;  the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).  Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to "secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law.  Fed. R. Civ. P. 50).  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).  If, after sufficient time for discovery, the opposing party is unable to demonstrate that he or she can do so under the *Liberty Lobby* criteria, summary judgment is appropriate. *Id.*  The opposing party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249-50, 106 S. Ct. at 2510-11 (citations omitted). "The mere possibility of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F. 2d 577, 582 (6th Cir. 1992)(quoting *Gregg v. Allen-Bradley Co.,* 801 F. 2d 859, 863 (6th Cir. 1986). Therefore a court must make a preliminary assessment of the evidence, in order to decide whether the plaintiff's evidence concerns a material issue and is more than de minimis. *Hartsel v. Keys*, 87 F. 3d 795 (6th Cir. 1996).  "On summary judgment," moreover, "the inferences to be drawn from the underlying

facts ... must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962). Thus, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby,* 477 U.S. at 249, 106 S. Ct. at 2510.

The moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex,* 477 U.S. at 323;  *see also, Boretti v. Wiscomb,* 930 F.2d 1150, 1156 (6th Cir. 1991) (citation omitted).  If the moving party meets this burden, the nonmoving party must go beyond the pleadings to show that there is a genuine issue for trial. *Matsushita*, 475 U.S. at 587; *Martin v. Ohio Turnpike Comm'n.*, 968 F. 2d 606, (6th Cir. 1992), *cert. denied*, 506 U.S. 1054, 113 S. Ct. 979, 122 L.Ed.2d 133 (1993).

In ruling on a motion for summary judgment (in other words, determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Interroyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied,* 494 U.S. 1091 (1990).  Thus, in determining whether a genuine issue of material fact exists on a particular issue, a court is entitled to rely only upon those portions of the verified pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

Defendant William F. Schenck was sued herein in his individual capacity for his involvement in the arrest of Plaintiff in April, 2005.  It appears from the Complaint in this case that the allegation

3

of Plaintiff against Mr. Schenck is that he approved the filing of a complaint in the Xenia Municipal Court wherein the supporting affidavit or the complaint itself was signed by Defendant Darrin Barlow and a warrant issued thereon by Deputy Clerk of Courts Defendant Diane L. Bryan. Plaintiff asserts that this resulted in "sham legal process" and that only a judge or magistrate can issue an arrest warrant.

Defendant Schenck asserts and Plaintiff does not deny that at the time of the events in suit Mr. Schenck was the duly elected, qualified, and acting Prosecutor of Greene County, Ohio. Nor does Plaintiff deny that, at the time of his arrest in Xenia, Ohio, there was an outstanding warrant for his arrest issued in the State of New Jersey under the name "Billie Greene." Indeed, the Affidavit for Name Change submitted by Plaintiff as an exhibit to his Memorandum in Opposition shows his prior name, as shown on his birth certificate, was "Billie Josef Greene, Jr." Defendant Barlow, who was the affiant on the Ohio complaint against Plaintiff, avers by affidavit that Plaintiff would not waive extradition and he received a request from the Essex County, New Jersey, Sheriff's Office requesting that Plaintiff be held pending extradition. Neither party has furnished the Court with a copy of the Ohio complaint and warrant, but a certified copy of the New Jersey fugitive warrant in Plaintiff's prior name is attached to the Motion for Summary Judgment of the other Defendants in this case (Doc. No. 24, Ex. F).

Contrary to Plaintiff's position, Ohio law does not require that an arrest warrant be issued by a judge. Rather, Ohio R. Crim P. 4 expressly authorizes issuance by a clerk of court. The Affidavit of Defendant Bryan establishes that it was she, acting in that capacity, who issued the warrant which resulted in Plaintiff's being held as a fugitive from New Jersey until New Jersey indicated that it would not proceed with extradition and the case was dismissed and Plaintiff released.

While approval of a complaint and warrant by the prosecuting attorney is not required by

Ohio law, it is better practice to have that done and many local prosecutors in the Miami Valley have adopted that practice.

Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity from liability under 42 U.S.C. §1983 (i.e., for violations of the United States Constitution). *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); *Burns v. Reed*, 500 U.S. 478, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). The same absolute immunity applies to claims against prosecutors under Ohio law. Ohio Revised Code § 2744.03(A)(6); *Hunter v. City of Middletown*, 31 Ohio App.3d 109 (Ohio App. 12th Dist. 1986), *citing Imbler, supra*.

Plaintiff has not claimed and apparently has no facts on which to base a claim that Mr. Schenck acted in any capacity other than that appropriate to a prosecuting attorney in Ohio making a preliminary determination that a criminal case can be filed. Obviously at the time Mr. Schenck acted there was probable cause to believe that Plaintiff was wanted on a valid outstanding arrest warrant from a sister State, New Jersey.

The Court finds that there are no genuine issues of material fact on Mr. Schenck's Motion and that he is entitled to judgment as a matter of law thereon. The Complaint as to Mr. Schenck shall be dismissed with prejudice.

December 28, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

5